# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>KEVIN DAVID McGOVERN, MC EQUIPMENT HOLDINGS, LLC,<br><br>Defendants. | CR-16-22-GF-BMM<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO FILE UNDER SEAL** |

Defendants Kevin David McGovern and MC Equipment Holdings (collectively, "McGovern") have filed an Ex Parte Motion to Change Plea under Seal. (Doc. 156.)

The government initially indicted McGovern on March 18, 2016. The Court filed a Scheduling Order that included motions deadlines, a plea deadline, and a trial date of June 6, 2016. (Doc. 24.) McGovern filed a motion on April 28, 2016, to postpone the trial until November 2016. (Doc. 33.) The Court granted McGovern's motion and reset the trial for November 7, 2016, and set a new scheduling order with the same deadlines. (Doc. 34.)

McGovern filed another motion on September 27, 2016 (Doc. 96), that sought to postpone the trial until "February 2017, or later," in light of the

1

government's decision to file a superseding indictment (Doc. 49), and a second superseding indictment (Doc. 104.) The Court reset the trial for February 13, 2017, and set a new scheduling order that included the same deadlines. (Doc. 102.)

The Court's scheduling order reset the plea deadline for January 27, 2017. (Doc. 102.) The order directed that no plea agreement would be considered after the deadline "[e]xcept for good cause shown." (Doc. 102.) The Court conducted a Rule 17.1 Pre-Trial Conference at McGovern's request on February 8, 2017. McGovern's counsel assured the Court at this conference that McGovern would be exercising his right to trial.

After months and months of caterwauling regarding the alleged unfairness of these proceedings, McGovern apparently had a change of heart and filed a motion on February 10, 2017, two weeks after the plea deadline, to enter a change of plea. (Doc. 156.) McGovern offered no explanation and asserted no good cause for the late filing. McGovern sought no leave from the Court to file late. McGovern's late filed Motion for a Change of Plea also requests that McGovern be allowed to file his motion under seal. (Doc. 156.)

McGovern represented that he sought to file under seal due to "a pending sale of Defendant CMG Construction, Inc ["CMG"]." (Doc. 156.) McGovern assures the Court that he has revealed fully the pending change of plea to the proposed buyer of CMG. McGovern nevertheless represents that the immediate

2

publication of the change of plea arrangement somehow "would have a negative consequence on the prospective sale." (Doc. 156 at 2.) McGovern further represents that the Court's refusal to allow the filing of the motion under seal would result in "the loss of employment for 150 CMG employees." *Id.* McGovern's motion not so subtly implies that the livelihood of CMG's 150 employees somehow rests in the hands of the Court.

The Court makes three observations regarding the apparent precarious status of the 150 CMG employees. First, the government, in the form of the executive branch, not the Court, chose to exercise its awesome discretion to seek to punish McGovern for his illegal activities. Second, McGovern and his counsel, now have opted to change McGovern's plea to guilty to his illegal conduct rather than exercise his right to trial by jury set to begin today. And most importantly, McGovern now apparently plans to accept responsibility for illegal conduct he chose to engage in from 2010 to 2012, which forms the basis for the three separate indictments in these cases.

In light of these observations, the Court assumes that future filings to this Court squarely will focus responsibility for the fate of 150 CMG employees where it belongs—at the feet of McGovern.

Accordingly, IT IS ORDERED:

1. The Court will hold a hearing on the Defendants' Motion to Change Plea on March 1, 2017 at 1:30 p.m.

2. The Court will defer acceptance of the Plea Agreement until sentencing, at which time the Court will have reviewed both the Plea Agreement and the Presentence Investigation Report.

3. The Defendants' Motion to File under Seal (Doc. 156) is GRANTED temporarily. The Clerk shall unseal the Defendants' motion and this Court's order at the time that the Court accepts McGovern's guilty pleas.

DATED this 13th day of February, 2017.

/s/ Brian Morris

Brian Morris
United States District Court Judge